THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: March 13, 2020



G. Michael Halfenger
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

    Lisa L. Jacobson,                     Case No. 19-20090-gmh

                                                                   Chapter 13

    Debtor.

Lisa L. Jacobson,

    Plaintiff,

        v.                                      Adv. Proc. No. 19-02094-gmh

Wells Fargo Bank, N.A.,

    Defendant.

**DECISION AND ORDER**

    Wells Fargo Bank, N.A., filed a proof of claim in Lisa Jacobson's bankruptcy case for $126,382 owed on a note secured by a mortgage on Jacobson's residence. Jacobson brought this adversary proceeding against Wells Fargo alleging that the note and mortgage are void or voidable because her ex-husband conspired with a mortgage

broker and one or more lenders to fraudulently obtain a guaranty from the U.S. Department of Veterans Affairs. Jacobson seeks disallowance of Wells Fargo's claim or a determination that the claim is not secured, as well as an order voiding the mortgage and awarding her damages, costs and expenses, and attorney fees under Wisconsin Statutes chapter 224, subchapter III, which governs the acts and practices of mortgage bankers, loan originators, and brokers. Wis. Stat. §224.80(2).

Wells Fargo moved to dismiss the adversary proceeding. It contends that Jacobson's claims were already adjudicated to final judgment in state court and that she effectively seeks this court's review and rejection of the state court's judgments, requiring an exercise of appellate jurisdiction that this court lacks. Wells Fargo further asserts that, even if this court has jurisdiction to hear any or all of Jacobson's claims, she is precluded from litigating them here because she litigated them, or could have litigated them, in state court.

I

For purposes of resolving Wells Fargo's motion to dismiss, the court accepts as true the complaint's well-pleaded factual allegations and draws all reasonable inferences in Jacobson's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). The court also considers judicially noticeable information from Jacobson's bankruptcy case, this proceeding, and the state-court proceedings discussed in the complaint and Wells Fargo's motion to dismiss. *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

The operative, second amended complaint alleges as follows: In 2011 Jacobson's then-husband, Robin, applied for a mortgage loan through a broker, Commonwealth Mortgage Group. Robin conspired with Commonwealth and representatives of the prospective lender, M&I Bank, or its immediate successor, BMO Harris Bank, N.A., or both, to obtain a guaranty from the Department of Veterans Affairs by misrepresenting his marital status and the extent of his debts, among other things. Robin used the borrowed funds to buy the residence subject to a mortgage. BMO Harris later assigned

the mortgage to Wells Fargo. Jacobson was awarded the residence in 2015 when she and Robin divorced.

In 2015 Jacobson sued Wells Fargo, BMO Harris, and others in the Wisconsin Circuit Court for Milwaukee County. *Jacobson v. Commonwealth Mortgage LLC*, No. 2015CV3668 (Wis. Cir. Ct. filed Apr. 28, 2015). She alleged that, in 2011, Robin "falsely state[d]" in his loan application that he was unmarried, had an ex-wife, and was not obligated to pay child support. ECF No. 24, at 35, ¶¶12–14 (also referring to a "HUD/VA Addendum"). She further alleged that Robin's real estate agent, the mortgage loan originator, the title insurance company, and others, knew or should have known that Robin lied, though Jacobson could not have discovered his fraud until October 2014 when she "saw the loan application and origination documents on her home computer." *Id.* at 36, ¶¶20 & 22. She sought rescission "[b]ased on actual fraud in the formation of the contract" and an award of damages, costs, and attorney fees. *Id.* at 37–38, ¶¶29 & 30. In 2016 Jacobson agreed to dismiss her claims against Wells Fargo with prejudice, see *id.* at 39, and amended her complaint, abandoning her claims and instead requesting only monetary relief under Wisconsin Statutes section 224.80(2), *id.* at 42–43, ¶5. The circuit court granted summary judgment to BMO Harris, Jacobson appealed, and the Wisconsin Court of Appeals affirmed. See *Jacobson v. Commonwealth Mortgage Group, LLC*, No. 2017AP1452 (Wis. Ct. App. May 7, 2019) (per curiam).

While Jacobson's case was pending, Wells Fargo commenced a foreclosure proceeding on her residence. *Wells Fargo Bank, N.A. v. Jacobson*, No. 2015CV6810 (Wis. Cir. Ct. filed Aug. 18, 2015). Jacobson answered the foreclosure complaint but did not dispute the validity of the note and mortgage until Wells Fargo moved for summary judgment, when she asserted "two new defenses": "(1) as a non-signing spouse, the mortgage was not enforceable against her, and (2) the note and mortgage were invalid pursuant to 15 U.S.C. §1639c," which requires mortgage lenders to determine, before making a residential mortgage loan, that the borrower will be able to repay the loan. See

ECF No. 24, at 23–25 , ¶¶9 & 12. At a hearing on Wells Fargo's summary-judgment motion, Jacobson "raised another new defense", asserting that the equities weighed against foreclosure. See *id.* at 26, ¶14. The circuit court granted summary judgment to Wells Fargo. Jacobson appealed, and the Wisconsin Court of Appeals affirmed. See *Wells Fargo Bank, NA v. Jacobson*, No. 2016AP2292 (Wis. Ct. App. Jan. 30, 2018) (per curiam).

Jacobson then commenced her bankruptcy case and this adversary proceeding.

II

Wells Fargo contends that the *Rooker-Feldman* doctrine deprives this court of subject-matter jurisdiction to hear Jacobson's claims. See *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). In both *Rooker* and *Feldman*, a party who lost in state court filed suit in federal district court "after the state proceedings ended, complaining of an injury caused by the state-court judgment", and asked the district court "to overturn the injurious state-court judgment." *Skinner v. Switzer*, 562 U.S. 521, 531 (2011). The Supreme Court held that the district court "lacked subject-matter jurisdiction" because Congress "vest[ed] authority to review a state court's judgment solely in [the Supreme] Court." *Id.* at 531–32 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005)) (citing 28 U.S.C. §1257).

A

Jacobson is the plaintiff here, and she lost to Wells Fargo in state court. Her adversary complaint does not "directly seek to set aside a state court judgment", but the *Rooker-Feldman* doctrine applies beyond such "de facto appeals" to claims that "are 'inextricably intertwined' with a state court judgment." *Taylor v. Fed. Nat'l Mortg. Ass'n*, 374 F.3d 529, 532–33 (7th Cir. 2004) (quoting *Brokaw v. Weaver*, 305 F.3d 660, 664 (7th Cir. 2002)). "While 'inextricably intertwined' is a somewhat metaphysical concept, the 'crucial point is whether "the district court is in essence being called upon to review the

state-court decision."'" *Id.* at 533 (quoting *Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993)). The Supreme Court clarified this point in *Exxon Mobil*: "If a federal plaintiff 'present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party . . . , then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion.'" 544 U.S. at 293 (alteration and omission in original) (quoting *GASH Assocs. v. Village of Rosemont*, 995 F.2d 726, 728 (7th Cir. 1993)).

Jacobson's complaint is not a model of clarity, but it acknowledges Wells Fargo's state-court foreclosure judgment and alleges that Wells Fargo procured that judgment by fraud on the state court. ECF No. 18, at 5, ¶22 ("Wells Fargo's refusal and failure to divulge its knowledge of the defective loan to the state court foreclosure action constituted a fraud upon the court in that case."). Wisconsin law might allow Jacobson to collaterally attack the judgment if she could show that it was procured by fraud. See *Boots v. Boots (In re Estate of Boots)*, 243 N.W.2d 225, 229 (Wis. 1976) (noting that "in Wisconsin . . . fraud is a ground for collateral attack" on a judicial order or judgment); *Hammes v. First Nat'l Bank & Tr. Co. of Racine*, 255 N.W.2d 555, 564 (Wis. 1977) (Hansen, J., concurring) ("While a direct attack should be initiated in the court which entered the initial judgment or order, a collateral attack based upon actual or constructive fraud upon the court may be brought in a different court."). But the Seventh Circuit conceives of such claims as requesting an exercise of appellate jurisdiction proscribed by *Rooker-Feldman*. See *Taylor*, 374 F.3d at 533 ("[T]he relief granted when a claim of fraud on the court succeeds is that the party claiming fraud is relieved from the judgment, i.e., the judgment is set aside."); see also *Mains v. Citibank, N.A.*, 852 F.3d 669, 676 (7th Cir. 2017) ("If we were to delve into the question whether fraud tainted the state court's judgment, the only relief we could give would be to vacate that judgment. That would amount to an exercise of *de facto* appellate jurisdiction, which is not permissible.").

Aside from its allegation that Wells Fargo defrauded the state court during the

underlying proceedings, Jacobson's complaint does not directly or indirectly attack a state-court judgment. For the most part, the complaint asserts claims for relief based on alleged fraud and other misconduct that occurred years before the underlying state-court actions began. *Rooker-Feldman* does not apply with respect to such claims, and this court has jurisdition to hear them. See *Brokaw*, 305 F.3d at 664 n.4 ("Generally speaking, if the complaint attacks the state court judgment, then *Rooker-Feldman* bars subject matter jurisdiction, but if the plaintiff attempts to relitigate the case and thus bypass the state court judgment, the federal court has subject matter jurisdiction, but res judicata bars the suit."); see also *Taylor*, 374 F.3d at 534 ("[W]e have allowed plaintiffs to proceed with federal claims because the asserted violations were 'independent of and complete prior to the entry' of the challenged state order." (quoting *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 556 (7th Cir. 1999))).

B

Although Jacobson is the plaintiff here, in one respect her complaint asserts not a claim for relief but a defense to a claim of Wells Fargo. Wells Fargo timely filed a proof of claim in Jacobson's bankruptcy case based on the note and mortgage. Jacobson objected in her adversary complaint that Wells Fargo's claim must be disallowed because the note and mortgage are void under state law. See 11 U.S.C. §502(b)(1) (requiring a bankruptcy court, on objection of a party in interest, to disallow a claim "to the extent that . . . such claim is unenforceable against the debtor and property of the debtor, under . . . applicable law"); *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 450 (2007) ("Section 502(b)(1) . . . . is most naturally understood to provide that, with limited exceptions, any defense to a claim that is available outside of the bankruptcy context is also available in bankruptcy."); Fed. R. Bankr. P. 3007(b) (permitting a party in interest to "include [an] objection [to the allowance of a claim] in an adversary proceeding").

*Rooker-Feldman* only applies to claims asserted by "state-court losers". See *Exxon*

*Mobil*, 544 U.S. at 280 ("The *Rooker-Feldman* doctrine . . . is confined to . . . cases brought by state-court losers . . . ."). By filing a proof of claim, Wells Fargo, the winner in state court, asserted a claim against the bankruptcy estate, invoking this court's jurisdiction to "hear and determine . . . all core proceedings arising under title 11", including "allowance or disallowance of claims against the estate". 28 U.S.C. §157(b)(1) & (2)(B); see also 11 U.S.C. §501(a) ("A creditor . . . may file a proof of claim."); §502(a) ("A claim . . . , proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects."). *Rooker-Feldman* does not deprive this court of jurisdiction to hear Jacobson's objection, raising a defense to that claim.

### III

To the extent this court has subject matter jurisdiction to hear Jacobson's objection to Wells Fargo's claim and the claims for relief asserted in the adversary complaint, claim preclusion applies. The preclusive effect of the underlying state-court judgments is a question of Wisconsin law. *Exxon Mobil*, 544 U.S. at 282 ("Under 28 U.S.C. § 1738, federal courts must 'give the same preclusive effect to a state-court judgment as another court of that State would give.'" (quoting *Parsons Steel, Inc. v. First Ala. Bank*, 474 U.S. 518, 523 (1986))).

In Wisconsin, claim preclusion has three elements: "(1) an identity between the parties or their privies in the prior and present lawsuits; (2) an identity of the causes of action in the two lawsuits; and (3) a final judgment on the merits in a court of competent jurisdiction." *Teske v. Wilson Mut. Ins. Co.*, 928 N.W.2d 555, 561 (Wis. 2019). The first and third elements are not genuinely disputed: Jacobson and Wells Fargo were parties to the state-court actions, which were litigated to final judgment in a court of competent jurisdiction. Thus, the inquiry turns on whether the causes of action in the state-court actions are the same as those here.

Jacobson contends that "the validity of the note and mortgage were not contested in the foreclosure lawsuit", and neither "was the issue of whether the note and

mortgage were procured by means of fraud ever raised." ECF No. 26, at 4–5. This contention, even if true (which it is not), is irrelevant: "[f]or purposes of determining whether there is an identity of causes of action in two lawsuits," Wisconsin law treats "all claims arising out of one transaction or factual situation . . . as being part of a single cause of action" that must "be litigated together." *Teske*, 928 N.W.2d at 562 (quoting *A.B.C.G. Enters., Inc. v. First Bank Se., N.A.*, 515 N.W.2d 904, 910 (Wis. 1994)).

Both cases in state court centered on the same series of events that resulted in the injury that Jacobson principally alleges here, that her residence "is unduly encumbered by a mortgage loan that was procured by fraudulent means". ECF No. 18, at 6, ¶24. In other words, excepting those claims over which this court lacks subject matter jurisdiction, all of the claims at issue in this adversary proceeding—including Wells Fargo's claim against the estate, to which Jacobson objected—arose from "the same common nucleus of operative facts" as those litigated to final judgment in state court. *Teske*, 928 N.W.2d at 563. Accordingly, there is "an identity of the causes of action in" the state-court cases and this adversary proceeding, and Jacobson is precluded from litigating both the claims asserted in the complaint and her claim objection. *Id.* at 561.

IV

One final note: Jacobson cannot escape the preclusive effect of a state-court judgment by contending that the judgment was procured by fraud. Under Wisconsin law, a judgment may be "void or voidable". *Kett v. Cmty. Credit Plan, Inc.*, 586 N.W.2d 68, 73 (Wis. Ct. App. 1998). "A void judgment is a mere nullity" that "is not binding on anyone", i.e., it is not entitled to any preclusive effect. *Id.* But Wisconsin recognizes a judgment as void if and only if the entering court lacked jurisdiction or acted on inadequate notice. *State v. Campbell*, 718 N.W.2d 649, 659–60 (Wis. 2006). Jacobson does not and could not fault either state-court judgment on these grounds.

A judgment procured by fraud is merely voidable, meaning it "has the same effect and force as a valid judgment until it has been set aside." *Kett*, 586 N.W.2d at 73

(citing *Slabosheske v. Chikowske*, 77 N.W.2d 497, 501 (Wis. 1956)). A party may seek relief from a judgment procured by fraud. *Campbell*, 718 N.W.2d at 662 ("Wisconsin courts may exercise their equitable powers to relieve an aggrieved party from a judgment procured by fraud . . . ."). But, as discussed above, under *Rooker-Feldman*, this court lacks jurisdiction to hear a claim for such relief. *Taylor*, 374 F.3d at 533 (explaining that *Rooker-Feldman* bars "[c]laims that directly seek to set aside a state court judgment" and any "claim . . . that indirectly seeks to set aside a state court judgment").

V

For the reasons stated above, IT IS ORDERED that (1) to the extent Jacobson seeks relief from the underlying state-court judgments, her claims are dismissed without prejudice for lack of subject matter jurisdiction; (2) her claims for relief are otherwise dismissed with prejudice for failure to state a claim on which relief can be granted; and (3) her objection to Wells Fargo's claim is overruled with prejudice.

The clerk is directed to enter judgment accordingly.

#####